J-S45004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER DUCKETT, | |
| Appellant | No. 85 EDA 2019 |

Appeal from the PCRA Order Entered December 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0505591-2005

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 30, 2019**

Appellant, Christopher Duckett, appeals *pro se* from the post-conviction court's December 13, 2018 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> [Appellant] … was arrested and subsequently charged in connection with the 2004 fatal shooting of Arthur Bines in Philadelphia. On March 28, 2006, following a jury trial presided over by the Honorable Jane Cutler Greenspan, [Appellant] was convicted of first-degree murder, possessing an instrument of crime, and [a] violation of the Uniform Firearms Act. The trial court thereafter sentenced [Appellant] to an aggregate term of life imprisonment. Following a direct appeal, the Superior Court affirmed the judgment of sentence on December 31, 2008, and

---

[*] Retired Senior Judge assigned to the Superior Court.

the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on June 10, 2009.[2]

> [2] **Commonwealth v. Duckett**, 965 A.2d 292 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 973 A.2d 1005 (Pa. 2009).

On May 11, 2010, [Appellant] timely filed his first PCRA petition alleging ineffective assistance of trial counsel. Counsel was appointed and subsequently filed an amended petition. After reviewing the record and the pleadings, the Honorable Benjamin Lerner dismissed the petition for lack of merit on July 29, 2011. The Superior Court affirmed the order denying relief on January 23, 2013.[3] [Appellant] did not seek *allocator*.

> [3] **Commonwealth v. Duckett**, 64 A.3d 284 (Pa. Super. 2013) (unpublished memorandum).

[Appellant] was subsequently unsuccessful in obtaining collateral relief through three serial petitions filed between 2013 and 2015.

On October 18, 2017, [Appellant] filed the instant *pro se* PCRA petition, his fifth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on September 6, 2018. [Appellant] submitted a response to the Rule 907 notice on September 25, 2018. On December 13, 2018, the PCRA court dismissed his petition as untimely without exception. On December 26, 2018, the instant[, *pro se*] notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 2/26/19, at 1-2.

The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On February 26, 2019, the court filed its Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

> [I.] Whether the PCRA [c]ourt erred by ignoring the plain language of 42 Pa.C.S. § 9545(b)(1)(ii) when it denied Appellant's [p]etition as untimely?

[II.] Whether the PCRA [c]ourt erred in dismissing Appellant's PCRA [p]etition without ruling on the merits of [the] ineffective assistance of trial counsel claim?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final in 2009. Thus, his present petition filed in 2017 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant first argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on his discovery, on August 30, 2017, of the "Official Visiting Logs from the Philadelphia Prison System." Appellant's Brief at 9. Appellant claims that these logs prove that his trial counsel did not visit him in jail prior to trial, which Appellant claims is contrary to testimony given by his trial counsel (presumably during the litigation of one of Appellant's prior PCRA petitions) that counsel did visit Appellant before the trial commenced.

---

[1] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In regard to his due diligence in discovering the prison logs, Appellant only claims, without any elaboration, that "[t]here was no possible way for [him] to obtain the … [l]ogs … prior to August 30, 2017." *Id.* Appellant does not detail any efforts he made to get the logs, nor explain how he ultimately obtained them in August of 2017. While Appellant attaches documents to his appellate brief suggesting that his mother received the logs by filing a Right-to-Know request with the Philadelphia Department of Prisons, Appellant fails to discuss why he or his mother could not have filed that request and received the logs earlier. Clearly, Appellant was aware that his attorney did not visit him while he was incarcerated prior to trial; therefore, he could have sought the prison logs to prove this fact beginning at least in 2006 when his trial concluded, and raised his claim that counsel acted ineffectively in this regard in his first PCRA petition filed in 2010. Therefore, Appellant has failed to establish that he acted with due diligence in discovering the 'new fact' of the prison logs. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that, in order to prove the timeliness exception of section 9545(b)(1)(ii), "[a] petitioner **must explain** why he could not have learned the new fact(s) earlier with the exercise of due diligence") (emphasis added).

Appellant also avers that he has met the exception of section 9545(b)(1)(ii) due to his learning that that his trial counsel had "unstable mental health" at the time he represented Appellant. Appellant's Brief at 9. In support of this claim, Appellant attaches to his brief a "Report and Recommendations of the Disciplinary Board of the Supreme Court of

Pennsylvania" (hereinafter "the report"), which sets forth a finding of fact that Appellant's trial counsel was diagnosed with Attention Deficit-Hyperactivity Disorder (A.D.H.D.) and Dysthymic Disorder. **See id.** at Appendix A p. 4. Appellant also attaches to his brief an order by our Supreme Court that suspended his trial counsel from practicing law for two years.

However, Appellant does not state when he first received the report revealing his counsel's mental health diagnosis, or the order suspending trial counsel from practice.  Notably, the report is dated July 18, 2014, and the order was filed on November 13, 2014, yet Appellant did not file his present petition asserting this 'new evidence' until October of 2017.  Appellant fails to offer any explanation for this three-year delay in raising this claim.  Instead, he only baldly contends that "[t]here was absolutely no possible way [he] could have been aware that [trial counsel] was suffering from … []A.D.H.D.[] and Dysthymic Disorder."  **Id.** at 9.  Given this record, Appellant has not proven that he has met the due diligence requirement of section 9545(b)(1)(ii).  **See Brown, supra**.  Consequently, we discern no error in the PCRA court's dismissing Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/19

- 6 -